UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

NAYADE VARONA,

Defendant.

Case No. 1:21-cr-20159-JEM

_____/

## FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States Attorney, in and for the Southern District of Florida, and the Department of Justice, Consumer Protection Branch (the Government), and the Defendant Nayade Varona agree that if this matter were to proceed to trial the Government would be able to prove the following beyond a reasonable doubt. The parties further agree that these are not all of the facts that the Government would prove if the case proceeded to trial, but are sufficient to prove the charge of conspiracy as alleged in the information in this case.

From on or about June 2014 through on or about July 2016, in Miami-Dade County, within the Southern District of Florida, and elsewhere, the Defendant, Nayade Varona, did willfully, that is, with the specific intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with persons known and unknown to the United States Attorney: (1) to defraud the United States and departments and agencies thereof, namely, the United States Food and Drug Administration ("FDA"), by impairing, impeding, and obstructing by craft, trickery, deceit, and dishonest means, the FDA's lawful and legitimate function of regulating clinical trials of drugs; and (2) to commit an offense against the United States by knowingly and with intent to defraud devising, and intending to devise, a scheme and artifice to

*Court Exhibit #1* (handwritten)

defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and transmitting and causing to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme, in violation of Title 18, United States Code, Section 1343.

The purpose of the conspiracy was for the Defendant and her co-conspirators to unlawfully enrich themselves by making materially false representations about clinical trials, fabricating data and the participation of subjects in those clinical trials, concealing from the FDA, sponsors, and contract research organizations the fact that the data and participation of subjects had been fabricated, and inducing sponsors and contract research organizations to pay money for the Defendant's and the co-conspirators' own benefit.

During the course of the conspiracy, the Clinical Research Company ("Company") was a medical clinic located in Miami, Florida that conducted clinical trials on behalf of pharmaceutical company sponsors. Co-Conspirator 1 (CC#1) was a licensed medical doctor who served as a clinical investigator for the Company. The Sponsor ("Sponsor") was a drug manufacturer that developed drugs for commercial distribution in the United States. The Contract Research Organization ("CRO") was an organization that hired clinical investigators and managed clinical trials for sponsors. On or about September 5, 2014, the CRO entered into a contract with the Company and CC#1 in which the Company and CC#1 agreed to serve as study site and clinical investigator, respectively, for a clinical trial (the "Study") initiated by the Sponsor.

During the course of the conspiracy, the Defendant was employed by the Company as an assistant study coordinator. In that role, the Defendant was responsible for administering

procedures to subjects in the Study, and creating written records reflecting the participation of subjects in the Study. The Defendant knew that the Company and CC#1 had been retained to perform the Study honestly and accurately. The Defendant also knew that the FDA regulated clinical trials, and had the authority to inspect the Company's site and review medical records and other materials concerning the Study.

For purposes of obtaining money by means of materially false and fraudulent pretenses, representations, and promises, and impairing and impeding the FDA's legitimate function of regulating clinical trials, the Defendant and her co-conspirators fabricated medical records to portray persons as legitimate Study subjects when, in truth and in fact, those persons were not legitimate Study subjects. The Defendant and her co-conspirators falsified these records to make it appear that the Study subjects had, among other things, consented to participating in the Study, satisfied the Study's eligibility criteria, appeared for scheduled visits at the Company's site, taken Study drugs as required, and received checks as payment for site visits, when, in truth and in fact, and as the Defendant well knew, these things had not taken place.

For example, on or about June 1, 2015, the Defendant initialed case history documentation for K.L., falsely representing that K.L. was a Study subject and that the Defendant had seen K.L. in person and taken a number of actions required by the Study protocol— including talking to K.L. about her dietary habits, lifestyle, and exercise regimen, collecting K.L.'s urine, taking K.L.'s vital signs, and dispensing the Study drug to K.L.—when in truth and in fact, and as the Defendant well knew, K.L. was not a Study subject and these representations were false.

Further, the Defendant knew that the subjects in the Study were required to make daily phone calls to an "e-diary" system (a toll-free number maintained by a third party) and report

their personal experience with the Study drug. The Defendant knew that, in furtherance of the conspiracy, one or more of her co-conspirators placed telephone calls to the e-diary system for purposes of reporting fabricated data on behalf of purportedly legitimate Study subjects.

The foregoing facts do not describe all the details of the scheme, or the Defendant's complete knowledge of the scheme, but are offered for the limited purpose of establishing a sufficient basis to support the Defendant's plea of guilty to the charge of conspiracy.

ARIANA FAJARDO ORSHAN
United States Attorney

GUSTAV W. EYLER
Director
U.S. Department of Justice
Consumer Protection Branch

Date: 8/6/19

By: CLINT NARVER
TRIAL ATTORNEY
U.S. DEPARMENT OF JUSTICE
CONSUMER PROTECTION BRANCH

4

Date: 8/24/19                         By: _____
                                          ARNALDO J. SURI
                                          ATTORNEY FOR DEFENDANT

Date: 8/26/19                         By: _____
                                          NAYADE VARONA
                                          DEFENDANT