```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2                          MIAMI DIVISION
                      CASE NO.  21-CR-20159-JEM
 3

 4    UNITED STATES OF AMERICA,

 5                    Plaintiff,

 6         vs.

 7                                        Miami, Florida
                                          June 8, 2021
 8    EDUARDO NAVARRO and                 Pages 1-37
      NAYADE VARONA,
 9
                      Defendants.
10    _____

11                TRANSCRIPT OF CHANGE OF PLEA HEARING
                  CONDUCTED VIA ZOOM VIDEOCONFERENCING
12               BEFORE THE HONORABLE JOSE E. MARTINEZ
                      UNITED STATES DISTRICT JUDGE
13

14    APPEARANCES:

15    FOR THE PLAINTIFF:
                          United States Attorney's Office
16                        BY:  LAUREN M. ELFNER, A.U.S.A.
                          BY:  JOSHUA D. ROTHMAN, A.U.S.A.
17                        450 Fifth Street, NW
                          Washington, DC 20530
18
      FOR DEFENDANT NAVARRO:
19                        Fernandez, Caubi & Fernandez
                          BY:  LUIS FERNANDEZ, ESQ.
20                        2250 Southwest Third Avenue
                          Suite 303
21                        Miami, Florida 33129

22    FOR DEFENDANT VARONA:
                          BY:  ARNALDO J. SURI, ESQ.
23                        9745 Southwest 77th Street
                          Miami, Florida 33173
24
      ALSO PRESENT:
25                        Guiomar Emedan - Staff Interpreter
```

1    REPORTED BY:        DAWN M. SAVINO, R.P.R., C.R.R.
                         Official Federal Court Stenographer
2                        400 N. Miami Avenue, 10S03
                         Miami, Florida  33128
3                        Telephone:  305-523-5598

4

5                            P-R-O-C-E-E-D-I-N-G-S

1:39 PM  6              COURTROOM DEPUTY:  Court is now in session, in and for

1:39 PM  7    the Southern District of Florida, the Honorable Jose E. Martinez

1:39 PM  8    presiding.

1:39 PM  9              Case number 21-20159-criminal-Martinez, United States

1:39 PM 10    of America versus Eduardo Navarro and United States of America

1:39 PM 11    versus Nayade Varona.

1:39 PM 12              Counsel, please state your name for the record,

1:39 PM 13    starting with the government.

1:39 PM 14              MS. ELFNER:  Good afternoon, Your Honor.  Lauren Elfner

1:40 PM 15    and Joshua Rothman on behalf of the Government.

1:40 PM 16              THE COURT:  Good afternoon.

1:40 PM 17              MR. FERNANDEZ:  Good afternoon, Your Honor.  Luis

1:40 PM 18    Fernandez on behalf of Eduardo Navarro, who is to my right.

1:40 PM 19              THE COURT:  All right.  Good afternoon.

1:40 PM 20              MR. SURI:  Good afternoon, Your Honor.  Arnie Suri on

1:40 PM 21    behalf of Nayade Varona, who is on Zoom, with the aid of an

1:40 PM 22    interpreter.  Good to see you, sir.

1:40 PM 23              THE COURT:  Good afternoon, Mr. Suri.

1:40 PM 24              Mr. Rothman -- I'm sorry.  Mr. Fernandez, is it correct

1:40 PM 25    that your client needs the interpreter also?

                        PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                             TRANSCRIPT PRODUCED BY COMPUTER

3

1:40 PM  1            MR. FERNANDEZ:  That is correct, and he's also in

1:40 PM  2    connection with the interpreter, Your Honor.

1:40 PM  3            THE COURT:  All right.  Are both of them hearing the

1:40 PM  4    interpreter correctly?

1:40 PM  5            DEFENDANT NAVARRO:  (Through Spanish Interpreter) I

1:40 PM  6    can't hear you well.

1:40 PM  7            THE COURT:  Okay.  I'll try to speak louder.  If you're

1:41 PM  8    using the interpreter, why do you need to hear me?

1:41 PM  9            MR. FERNANDEZ:  I don't think he was hearing her.

1:41 PM 10            THE COURT:  Okay.

1:41 PM 11            SPANISH INTERPRETER:  Yes, Your Honor.  From the

1:41 PM 12    interpreter, I will try to speak louder.

1:41 PM 13            Good afternoon, Your Honor.  It's good to see you.

1:41 PM 14            THE COURT:  All right.  Can I get an appearance from

1:41 PM 15    the Interpreter.

1:41 PM 16            SPANISH INTERPRETER:  Good afternoon, Your Honor.

1:41 PM 17    Guiomar Emedan, staff interpreter.

1:41 PM 18            THE COURT:  Good afternoon, Ms. Emedan.  Would you

1:41 PM 19    please be sworn?  Diane, do you want to swear the interpreter

1:41 PM 20    please?

1:41 PM 21            (Spanish Interpreter sworn)

1:41 PM 22            COURTROOM DEPUTY:  Please state your name for the

1:41 PM 23    record, although you already did.

1:41 PM 24            SPANISH INTERPRETER:  Guiomar Emedan, staff

1:41 PM 25    interpreter.

1:42 PM 1        THE COURT:  All right.  Mr. Navarro and Ms. Varona, can

1:42 PM 2    you hear the interpreter?

1:42 PM 3        DEFENDANT NAVARRO:  Yes, yes I can hear her better.

1:42 PM 4        THE COURT:  All right.  Let me start first with

1:42 PM 5    Mr. Navarro.  Can you hear the Interpreter?

1:42 PM 6        DEFENDANT NAVARRO:  Yes.

1:42 PM 7        THE COURT:  All right.  Ms. Varona, can you hear the

1:42 PM 8    Interpreter?

1:42 PM 9        DEFENDANT VARONA:  Yes.  Much better.

1:42 PM 10        THE COURT:  All right.  I'm going to try to do this

1:42 PM 11    together.  At the same time.  It may be a little awkward from

1:42 PM 12    time to time.  If so, we'll work through it.  But I don't want

1:42 PM 13    to have to do it twice.  It will just take twice as long for

1:42 PM 14    everybody.  All right?  So when I ask the question, I would ask

1:43 PM 15    ladies first, I'll ask Ms. Varona to answer first, Mr. Navarro

1:43 PM 16    to answer second.  So that the record is clear, the court

1:43 PM 17    reporter can interpret -- can hear, since the Interpreter is

1:43 PM 18    going to be saying it, it's all going to sound the same.  So I

1:43 PM 19    can assume that it will be the first answer will be Ms. Varona,

1:43 PM 20    the second answer will be Mr. Navarro.

1:43 PM 21        Do you understand that, first Ms. Varona?  Do you

1:43 PM 22    understand that?

1:43 PM 23        DEFENDANT VARONA:  Yes.

1:43 PM 24        THE COURT:  Mr. Navarro, do you understand that?

1:43 PM 25        DEFENDANT NAVARRO:  Yes.

**PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY**
**TRANSCRIPT PRODUCED BY COMPUTER**

1:43 PM  1          THE COURT:  Madame Interpreter, would you please make

1:43 PM  2     sure that if -- and you can probably tell the difference between

1:43 PM  3     the two of them -- if it is not in the correct order, you will

1:43 PM  4     tell me immediately so that I can clear the record.  Is that all

1:43 PM  5     right?

1:43 PM  6          SPANISH INTERPRETER:  Yes, Your Honor.

1:43 PM  7          THE COURT:  Okay.  Prosecution, do you think this will

1:43 PM  8     work?  I mean, we can try it.  If it doesn't work, it doesn't

1:43 PM  9     work.

1:44 PM 10          MS. ELFNER:  We can try it, Your Honor.

1:44 PM 11          THE COURT:  All right.  Mr. Fernandez and Mr. Suri, do

1:44 PM 12     you approve of the way that we're doing this?

1:44 PM 13          MR. SURI:  On behalf of Ms. Varona, yes, Your Honor.

1:44 PM 14     No problem whatsoever.

1:44 PM 15          THE COURT:  Mr. Fernandez?

1:44 PM 16          MR. FERNANDEZ:  Your Honor, on behalf of Mr. Navarro,

1:44 PM 17     we agree.  We think we can work this out.

1:44 PM 18          THE COURT:  Okay.  We're here on a change of plea.

1:44 PM 19     I've been advised that you desire to change your plea of not

1:44 PM 20     guilty to guilty.  Is that correct, Ms. Varona?

1:44 PM 21          DEFENDANT VARONA:  Yes.

1:44 PM 22          THE COURT:  Is that correct, Mr. Navarro?

1:44 PM 23          DEFENDANT NAVARRO:  Yes, Your Honor.

1:44 PM 24          THE COURT:  All right.  Would both of the Defendants

1:44 PM 25     please raise their right hand and be sworn.

6

```
1:44 PM   1              (Defendants placed under oath).
1:45 PM   2              COURTROOM DEPUTY:  Ms. Varona?
1:45 PM   3              DEFENDANT VARONA:  Yes, Your Honor.  Yes.
1:45 PM   4              THE COURT:  Mr. Navarro?
1:45 PM   5              DEFENDANT NAVARRO:  Yes, Your Honor.
1:45 PM   6              THE COURT:  Okay.  Thank you.  You can put your hands
1:45 PM   7    down.
1:45 PM   8              I want to advise each of you that you're now under
1:45 PM   9    oath, and if you answer any questions falsely, your answers may
1:45 PM  10    later be used against you in a separate prosecution for perjury.
1:45 PM  11    Perjury is a separate offense, but a very serious one, sometimes
1:45 PM  12    more serious than the underlying offense.  Do you understand
1:45 PM  13    that?
1:45 PM  14              DEFENDANT VARONA:  Yes, Your Honor.
1:45 PM  15              DEFENDANT NAVARRO:  Yes, sir.
1:45 PM  16              THE COURT:  Okay.  I'm going to ask you a series of
1:45 PM  17    questions to make sure that you understand these proceedings.
1:45 PM  18    It's very important that if you do not understand the question,
1:46 PM  19    you don't answer it.  You stop, you ask your lawyer, you ask me,
1:46 PM  20    between the two of us I am sure we'll be able to explain
1:46 PM  21    everything to your complete satisfaction so that you fully
1:46 PM  22    understand it.
1:46 PM  23              On the other hand, if you do answer a question I would
1:46 PM  24    assume you understood it, and I believe that anybody reading the
1:46 PM  25    record that's being made of these proceedings at a later time
```

1:46 PM  1    would be within their rights to assume that if you answered a

1:46 PM  2    question, you understood it.

1:46 PM  3            So in short if you don't understand, stop, don't

1:46 PM  4    answer.

1:46 PM  5            Do you understand what I just said?

1:46 PM  6            DEFENDANT VARONA:  Yes, Your Honor.

1:46 PM  7            DEFENDANT NAVARRO:  Yes, Your Honor.

1:46 PM  8            THE COURT:  All right.  Please tell me your full name.

1:46 PM  9            DEFENDANT VARONA:  Nayade Varona.

1:47 PM 10            DEFENDANT NAVARRO:  Eduardo Navarro.

1:47 PM 11            THE COURT:  What is your age?

1:47 PM 12            DEFENDANT VARONA: 50 years old.

1:47 PM 13            DEFENDANT NAVARRO:  52 years old.

1:47 PM 14            THE COURT:  What is the extent of your formal

1:47 PM 15    education?

1:47 PM 16            DEFENDANT VARONA:  College.

1:47 PM 17            DEFENDANT NAVARRO:  Master's degree.

1:47 PM 18            THE COURT:  Ms. Varona, what does "college" mean?  That

1:47 PM 19    you attended college?  You dropped out during college?  Did you

1:47 PM 20    graduate from college?  What does college mean?

1:47 PM 21            DEFENDANT VARONA:  I graduated as a registered nurse.

1:47 PM 22            THE COURT:  Okay.  Have you ever been treated for any

1:48 PM 23    mental illness?

1:48 PM 24            DEFENDANT VARONA:  No, Your Honor.

1:48 PM 25            DEFENDANT NAVARRO:  No, Your Honor.

1:48 PM 1          THE COURT:  Have you ever been treated for any drug

1:48 PM 2   addiction?

1:48 PM 3          DEFENDANT VARONA:  No, Your Honor.

1:48 PM 4          DEFENDANT NAVARRO:  No, Your Honor.

1:48 PM 5          THE COURT:  Are you presently under the influence of

1:48 PM 6   any type of drug, medication or alcoholic beverage of any kind?

1:48 PM 7          DEFENDANT VARONA:  No, Your Honor.

1:48 PM 8          THE COURT:  Have you received -- I'm sorry.

1:48 PM 9          DEFENDANT NAVARRO:  No, Your Honor.

1:48 PM 10         THE COURT:  Thank you.  I'm sorry.  I jumped the gun a

1:48 PM 11  little bit.  I'm liable to do that again.  I'll try not to.

1:48 PM 12         Have you received a copy of the information pending

1:48 PM 13  against you, that is the written charges against you?

1:49 PM 14         DEFENDANT VARONA:  Yes, Your Honor.

1:49 PM 15         DEFENDANT NAVARRO:  Yes, Your Honor.

1:49 PM 16         THE COURT:  Along those lines, I want to make sure you

1:49 PM 17  understand, and I'll mention it again later, that the charges

1:49 PM 18  against you are a felony and as a result, you have the absolute

1:49 PM 19  right to have those charges brought against you by a grand jury.

1:49 PM 20  But you have executed a waiver of indictment which means that

1:49 PM 21  you can be brought by information.  In Ms. Varona's case, the

1:49 PM 22  waiver of indictment was apparently signed on the 2nd of April

1:49 PM 23  of this year.  Do you remember doing that, Ms. Varona?

1:49 PM 24         DEFENDANT VARONA:  Yes.

1:49 PM 25         THE COURT:  Mr. Navarro, yours appears to be signed on

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED BY COMPUTER

| | | |
|---|---|---|
| 1:50 PM | 1 | the 3rd of April of this year.  Do you remember doing that? |
| 1:50 PM | 2 | DEFENDANT NAVARRO:  Yes, Your Honor. |
| 1:50 PM | 3 | THE COURT:  It appears that Mr. Navarro, that yours was |
| 1:50 PM | 4 | actually -- it might have been signed by your attorney with your |
| 1:50 PM | 5 | permission.  Do you remember that? |
| 1:50 PM | 6 | DEFENDANT NAVARRO:  Yes, Your Honor. |
| 1:50 PM | 7 | THE COURT:  All right.  You both understand that by |
| 1:50 PM | 8 | signing this document you are waiving the opportunity to have |
| 1:50 PM | 9 | the charges brought before a grand jury.  Do you understand |
| 1:50 PM | 10 | that? |
| 1:50 PM | 11 | DEFENDANT VARONA:  Yes, Your Honor. |
| 1:50 PM | 12 | DEFENDANT NAVARRO:  Yes, Your Honor. |
| 1:50 PM | 13 | THE COURT:  Okay.  Have you had the opportunity to |
| 1:50 PM | 14 | fully discuss the charges and the case, in general, with your |
| 1:50 PM | 15 | attorney? |
| 1:50 PM | 16 | DEFENDANT VARONA:  Yes, Your Honor. |
| 1:51 PM | 17 | DEFENDANT NAVARRO:  Yes, Your Honor. |
| 1:51 PM | 18 | THE COURT:  Are you fully satisfied with the |
| 1:51 PM | 19 | representation and advice given to you in this case by your |
| 1:51 PM | 20 | attorney? |
| 1:51 PM | 21 | DEFENDANT VARONA:  I couldn't hear that well. |
| 1:51 PM | 22 | THE COURT:  Are you fully satisfied with the |
| 1:51 PM | 23 | representation and advice given to you in this case by your |
| 1:51 PM | 24 | attorney? |
| 1:51 PM | 25 | DEFENDANT VARONA:  Yes, Your Honor. |

1:51 PM  1           DEFENDANT NAVARRO:  Yes, Your Honor.

1:51 PM  2           THE COURT:  Counsel, first as to Mr. Suri, are your

1:51 PM  3    satisfied that your client understands these proceedings?

1:51 PM  4           MR. SURI:  Absolutely Your Honor.

1:51 PM  5           THE COURT:  Mr. Fernandez, are you satisfied that your

1:51 PM  6    client understands these proceedings?

1:51 PM  7           MR. FERNANDEZ:  Yes, Your Honor.

1:51 PM  8           THE COURT:  All right.  To each of you, there are

1:52 PM  9    certain rights that you waive, or give up, by entering a plea of

1:52 PM  10   guilty.  I'm not suggesting there's anything wrong with doing

1:52 PM  11   that.  In fact, often it's the best thing to do after you've had

1:52 PM  12   the opportunity to discuss it with your lawyer and get his

1:52 PM  13   advice.  But I don't want somebody at a later time to come in

1:52 PM  14   and say, well, for example, he didn't know he could have a trial

1:52 PM  15   by jury, or he didn't know he could call witnesses, or something

1:52 PM  16   like that.  So I'm going to go through some of these rights with

1:52 PM  17   you now, and make sure that you understand that you are waiving

1:52 PM  18   them, or giving them up, by entering a plea of guilty.

1:52 PM  19           For example, do you understand that you have the right

1:52 PM  20   to plead not guilty to any offense charged against you, and to

1:52 PM  21   persist in that plea of not guilty as long as you want?

1:52 PM  22           DEFENDANT VARONA:  Yes, Your Honor.

1:52 PM  23           DEFENDANT NAVARRO:  Yes sir, Your Honor.

1:52 PM  24           THE COURT:  Do you understand that you would have the

1:53 PM  25   right to a trial by jury, during which you would also have the

|         |    |                                                                         |
|---------|----|-------------------------------------------------------------------------|
| 1:53 PM | 1  | right to the assistance of counsel for your defense?                    |
| 1:53 PM | 2  | DEFENDANT VARONA:  Yes, Your Honor.                                      |
| 1:53 PM | 3  | DEFENDANT NAVARRO:  Yes, Your Honor.                                     |
| 1:53 PM | 4  | THE COURT:  Do you understand that you have the right                    |
| 1:53 PM | 5  | to see and hear all the witnesses against you, and have them             |
| 1:53 PM | 6  | cross-examined in your defense?                                          |
| 1:53 PM | 7  | DEFENDANT VARONA:  Yes, Your Honor.                                      |
| 1:53 PM | 8  | DEFENDANT NAVARRO:  Yes, Your Honor.                                     |
| 1:53 PM | 9  | THE COURT:  Do you understand that you have the right                    |
| 1:53 PM | 10 | not to testify, but that you may voluntarily elect to testify in         |
| 1:53 PM | 11 | your own defense, but that only you can make that decision; not          |
| 1:53 PM | 12 | your lawyer, not your friends, not your family, not your                 |
| 1:53 PM | 13 | co-defendants, only you.                                                 |
| 1:54 PM | 14 | DEFENDANT VARONA:  Yes, Your Honor.                                      |
| 1:54 PM | 15 | DEFENDANT NAVARRO:  Yes, Your Honor.                                     |
| 1:54 PM | 16 | THE COURT:  Do you understand you have the right to the                  |
| 1:54 PM | 17 | issue answer of subpoenas, or compulsory process, to compel the         |
| 1:54 PM | 18 | production of persons and objects here for the purpose of your           |
| 1:54 PM | 19 | defense?                                                                 |
| 1:54 PM | 20 | DEFENDANT VARONA:  Yes, Your Honor.                                      |
| 1:54 PM | 21 | THE COURT:  Do you understand that you may have                          |
| 1:54 PM | 22 | witnesses --                                                             |
| 1:54 PM | 23 | DEFENDANT NAVARRO:  Yes, Your Honor.                                     |
| 1:54 PM | 24 | THE COURT:  I'm sorry.  I did it again.                                  |
| 1:54 PM | 25 | Do you understand that you may have witnesses testify                    |

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED BY COMPUTER

1:54 PM   1   in your defense?

1:54 PM   2          DEFENDANT VARONA:  I could not hear that well.  Start.

1:54 PM   3          THE COURT:  Do you understand that you may have

1:54 PM   4   witnesses testify in your defense?

1:55 PM   5          DEFENDANT VARONA:  Yes, Your Honor.

1:55 PM   6          DEFENDANT NAVARRO:  Yes, Your Honor.

1:55 PM   7          THE COURT:  Do you understand that by entering a plea

1:55 PM   8   of guilty, if I accept that plea, there will be no trial and you

1:55 PM   9   will have waived, or given up, your right to a trial, as well as

1:55 PM   10  all of the other rights associated with a trial, some of which I

1:55 PM   11  have just described to you.

1:55 PM   12         DEFENDANT VARONA:  Yes, Your Honor.

1:55 PM   13         THE COURT:  Do you understand as we discussed earlier

1:55 PM   14  --

1:55 PM   15         DEFENDANT NAVARRO:  Yes, Your Honor.

1:55 PM   16         THE COURT:  I'm sorry.

1:55 PM   17         Do you understand, as we discussed earlier, that the

1:55 PM   18  offense to which you are pleading guilty is a felony offense?

1:55 PM   19         DEFENDANT VARONA:  Yes, Your Honor.

1:56 PM   20         DEFENDANT NAVARRO:  Yes, Your Honor, I do.

1:56 PM   21         THE COURT:  If I accept your plea, you will be adjudged

1:56 PM   22  guilty of a felony, and such adjudication may deprive you of

1:56 PM   23  valuable civil rights such as the right to vote, the right to

1:56 PM   24  hold public office, the right to serve on a jury, the right to

1:56 PM   25  possess any kind of firearm and if are you an alien, that you

1:56 PM   1    may be subject to deportation.

1:56 PM   2         DEFENDANT VARONA:  Yes, Your Honor.

1:56 PM   3         THE COURT:  Would the Government please advise me of

1:56 PM   4    the maximum penalty --

1:56 PM   5         DEFENDANT NAVARRO:  Yes, Your Honor.

1:56 PM   6         THE COURT:  Would the Government please advise me of

1:56 PM   7    the maximum penalty provided by law and any mandatory minimum

1:56 PM   8    penalty.

1:56 PM   9         MS. ELFNER:  Yes, Your Honor.  The maximum penalty for

1:56 PM  10    a violation of 18 USC Section 371 is five years imprisonment.

1:56 PM  11    There is no statutory minimum penalty.  Supervised release of up

1:57 PM  12    to three years.  A fine of up to $250,000 or twice the gross

1:57 PM  13    gain or loss resulting from the offense, whichever is greater.

1:57 PM  14    Restitution as ordered by the Court, forfeiture, and a $100

1:57 PM  15    special assessment.

1:57 PM  16         THE COURT:  Do you have any estimate as to the

1:57 PM  17    restitution that you believe may be called for?

1:57 PM  18         MS. ELFNER:  The restitution is not specified in the

1:57 PM  19    plea agreement, so that would be a matter for the judge's

1:57 PM  20    discretion.

1:57 PM  21         THE COURT:  Okay.  You heard what the maximum sentence

1:57 PM  22    was.  Do you understand that that's what you're exposing

1:57 PM  23    yourself to with your plea of guilty?

1:57 PM  24         DEFENDANT VARONA:  Yes, Your Honor.

1:57 PM  25         DEFENDANT NAVARRO:  Yes, Your Honor.

1:57 PM  1          THE COURT:  The United States Sentencing Commission has

1:57 PM  2     issued advisory guidelines for judges to consider in determining

1:58 PM  3     an appropriate sentence in a criminal case.  Have you and your

1:58 PM  4     attorney talked about how the sentencing guidelines might apply

1:58 PM  5     to your case?

1:58 PM  6          DEFENDANT VARONA:  Yes, Your Honor.

1:58 PM  7          DEFENDANT NAVARRO:  Yes, Your Honor.

1:58 PM  8          THE COURT:  Do you also understand that after it's been

1:58 PM  9     determined what guidelines apply, I have the authority to impose

1:58 PM  10    a sentence that is more severe or less severe than the sentence

1:58 PM  11    called for by the guidelines?

1:58 PM  12         DEFENDANT VARONA:  Yes, Your Honor.

1:58 PM  13         DEFENDANT NAVARRO:  Yes, Your Honor.

1:58 PM  14         THE COURT:  Do you understand that parole has been

1:58 PM  15    abolished in the federal system, and if you don't know what

1:58 PM  16    parole is, I'll explain it to you.

1:59 PM  17         DEFENDANT VARONA:  Yes, Your Honor.

1:59 PM  18         DEFENDANT NAVARRO:  Yes, Your Honor.

1:59 PM  19         THE COURT:  Would the Government please summarize the

1:59 PM  20    count of the indictment to which each Defendant is pleading, and

1:59 PM  21    state the elements of that offense?

1:59 PM  22         MS. ELFNER:  Yes, Your Honor.  The information charges

1:59 PM  23    each Defendant with one count of violating 18 USC Section 371.

1:59 PM  24    The elements of a violation of that statute are first, that two

1:59 PM  25    or more persons, in some way, agreed to try to accomplish a

| | | |
|---|---|---|
| 1:59 PM | 1 | shared and unlawful plan; second, that the defendant knew the |
| 1:59 PM | 2 | unlawful purpose of the plan and willfully joined in it; third, |
| 1:59 PM | 3 | that during the conspiracy, one of the conspirators knowingly |
| 1:59 PM | 4 | engaged in at least one overt act as described in the |
| 1:59 PM | 5 | information; and fourth, that the overt act was committed at or |
| 1:59 PM | 6 | about the time alleged, and with the purpose of carrying out or |
| 1:59 PM | 7 | accomplishing some object of the conspiracy. |
| 2:00 PM | 8 | THE COURT:  All right.  You heard what the Government |
| 2:00 PM | 9 | said.  Do you understand that's what you're pleading guilty to? |
| 2:00 PM | 10 | Conspiracy? |
| 2:00 PM | 11 | DEFENDANT VARONA:  Yes, Your Honor. |
| 2:00 PM | 12 | DEFENDANT NAVARRO:  Yes, Your Honor. |
| 2:00 PM | 13 | THE COURT:  Would the government make a representation |
| 2:00 PM | 14 | concerning the facts you would be prepared to prove at trial. |
| 2:00 PM | 15 | And if there's any differentiation between the two, you may make |
| 2:00 PM | 16 | that at the time that you're making this representation. |
| 2:00 PM | 17 | MS. ELFNER:  Okay.  As to Ms. Varona, the dates for her |
| 2:00 PM | 18 | participation in the conspiracy were from June 2014 through on |
| 2:00 PM | 19 | or about July 2016.  As to Mr. Navarro, it's from on or about |
| 2:01 PM | 20 | April 2014 through on or about April 2016. |
| 2:01 PM | 21 | For both, in Miami-Dade County, within the Southern |
| 2:01 PM | 22 | District of Florida and elsewhere, the Defendants did willfully, |
| 2:01 PM | 23 | that is with a specific intent to further the object of the |
| 2:01 PM | 24 | conspiracy, and knowingly combine, conspire, confederate and |
| 2:01 PM | 25 | agree with persons known and unknown to the United States |

2:01 PM   1    Attorney, first, to defraud the United States and departments

2:01 PM   2    and agencies thereof, namely the United States Food and Drug

2:01 PM   3    Administration by impairing, impeding and obstructing by craft,

2:01 PM   4    trickery, deceit and dishonest means, the FDA's lawful and

2:01 PM   5    legitimate function of regulating clinical trials of drugs; and

2:01 PM   6    second, to commit an offense against the United States by

2:01 PM   7    knowingly and with intent to defraud, devising and intending to

2:01 PM   8    devise a scheme and artifice to defraud and to obtain money and

2:01 PM   9    property by means of materially false and fraudulent pretenses,

2:01 PM   10   representations and promises, knowing that they were false and

2:01 PM   11   fraudulent when made, and transmitting and causing to be

2:02 PM   12   transmitted, by means of wire communications in interstate and

2:02 PM   13   foreign commerce, writings, signs, signals, pictures and sound

2:02 PM   14   for the purpose of executing this scheme in violation of Title

2:02 PM   15   18 United States Code Section 1343.

2:02 PM   16          The purpose of the conspiracy was for the Defendants

2:02 PM   17   and their co-conspirators to unlawfully enrich themselves by

2:02 PM   18   making materially false representations about clinical trials,

2:02 PM   19   fabricating data and the participation of subjects in those

2:02 PM   20   clinical trials, and stealing from the FDA sponsors and contract

2:02 PM   21   research organizations the fact that the data and participation

2:02 PM   22   of subjects had been fabricated, and inducing sponsors and

2:02 PM   23   contract research organizations to pay money for the Defendants

2:02 PM   24   and co-conspirators' own benefit.

2:02 PM   25          During the course of the conspiracy, the Clinical

2:03 PM  1   Research Company was a medical clinic located in Miami, Florida
2:03 PM  2   that conducted clinical trials on behalf of pharmaceutical
2:03 PM  3   company sponsors.  Co-conspirator 1 was a licensed medical
2:03 PM  4   doctor who served as a clinical investigator for the company.
2:03 PM  5   The sponsor was a drug manufacturer that developed drugs for
2:03 PM  6   commercial distribution in the United States.  The Contract
2:03 PM  7   Research Organization was an organization that hired clinical
2:03 PM  8   investigators and managed clinical trials for sponsors.
2:03 PM  9           On or about September 5, 2014 the CRO entered into a
2:03 PM  10  contract with a company and CC Number 1, in which the company
2:03 PM  11  and CC Number 1 agreed to serve as study site and clinical
2:03 PM  12  investigator respectively for the clinical trial and issued by
2:03 PM  13  the sponsors.
2:03 PM  14          During the course of the conspiracy, Defendant Navarro
2:03 PM  15  was a registered nurse practitioner who was employed by the
2:04 PM  16  company as a fraud investigator.  As a fraud investigator, the
2:04 PM  17  Defendant worked under the direction of CC Number 1 and was
2:04 PM  18  responsible for conducting physical exams on subjects, reviewing
2:04 PM  19  lab work and EKGs, and preparing case histories reflecting the
2:04 PM  20  participation of subjects in the study.  Defendant Navarro knew
2:04 PM  21  that the company and CC Number 1 had been retained to perform
2:04 PM  22  the study honestly and accurately.  Defendant Navarro also knew
2:04 PM  23  that the FDA regulated clinical trials and had the authority to
2:04 PM  24  inspect the company site and review medical records and other
2:04 PM  25  materials concerning the study.

2:04 PM   1          During the course of the conspiracy, Defendant Varona

2:04 PM   2     was employed by the company as an assistant study coordinator.

2:04 PM   3     In that role, Defendant Varona was responsible for administering

2:04 PM   4     procedures to subjects in the study, and creating written

2:05 PM   5     records reflecting the participation of subjects in the studies.

2:05 PM   6     Defendant Varona knew that the company and CC Number 1 had been

2:05 PM   7     retained to perform the study honestly and accurately.

2:05 PM   8     Defendant Varona also knew that the FDA regulated clinical

2:05 PM   9     trials and had the authority to inspect the company site, and

2:05 PM   10    review medical records and other materials concerning the study.

2:05 PM   11         For purposes of obtaining money by means of materially

2:05 PM   12    false and fraudulent pretenses, representations and promises and

2:05 PM   13    impairing and impeding the FDA's legitimate function of

2:05 PM   14    regulating clinical trials, Defendant Navarro, Varona and their

2:05 PM   15    co-conspirators fabricated medical records which portrayed

2:05 PM   16    persons as legitimate study subjects, when in truth and in fact,

2:05 PM   17    those persons were not legitimate study subjects.  The

2:05 PM   18    Defendants and their co-conspirators falsified these records to

2:06 PM   19    make it appear that the study subject had, among other things,

2:06 PM   20    consented to participating in the study, satisfied the study's

2:06 PM   21    eligibility criteria, appeared for several visits at the

2:06 PM   22    company's site, taken study drugs as required, and received

2:06 PM   23    checks as payment for site visits, when in truth and in fact,

2:06 PM   24    and as the Defendants well knew, these things had not taken

2:06 PM   25    place.

2:06 PM 1         For example, on or about February 16, 2015, Defendant

2:06 PM 2    Navarro signed case history documentation for the studies

2:06 PM 3    falsely representing that the Defendant Navarro had seen study

2:06 PM 4    subject K.L. in person, and performed a physical examination on

2:06 PM 5    K.L. as required by the study protocol, including among other

2:06 PM 6    things, examining K.L.'s general appearance, respiratory system

2:07 PM 7    and cardiovascular system when in fact, as the Defendant well

2:07 PM 8    knew, K.L. was not a study subject, and these representations

2:07 PM 9    were false.

2:07 PM 10        For example, on or about June 1, 2015, Defendant Varona

2:07 PM 11   initialed case history documentation for K.L. falsely

2:07 PM 12   representing that K.L. was a study subject, and that the

2:07 PM 13   Defendant had seen K.L. in person and taken a number of actions

2:07 PM 14   required by the study protocols, including talking to K.L. about

2:07 PM 15   her dietary habits, lifestyle and exercise regimen, collecting

2:07 PM 16   K.L.'s urine, taking K.L.'s vital signs and dispensing the study

2:07 PM 17   drug to K.L., when in truth and in fact, and as Defendant Varona

2:07 PM 18   well knew, K.L. was not a study subject and these

2:07 PM 19   representations were false.

2:07 PM 20        Further, the Defendant knew that the subjects in the

2:07 PM 21   study were required to make daily phone calls to an e-diary

2:08 PM 22   system, a toll-free number, maintained by a third party and

2:08 PM 23   report their personal experience with the study drug.  The

2:08 PM 24   Defendants knew that in furtherance of the conspiracy, one or

2:08 PM 25   more of their co-conspirators placed telephone calls to the

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED BY COMPUTER

| | |
|---|---|
| 2:08 PM | 1 |
| 2:08 PM | 2 |
| 2:08 PM | 3 |
| 2:08 PM | 4 |
| 2:08 PM | 5 |
| 2:08 PM | 6 |
| 2:08 PM | 7 |
| 2:08 PM | 8 |
| 2:08 PM | 9 |
| 2:08 PM | 10 |
| 2:09 PM | 11 |
| 2:09 PM | 12 |
| 2:09 PM | 13 |
| 2:09 PM | 14 |
| 2:09 PM | 15 |
| 2:09 PM | 16 |
| 2:09 PM | 17 |
| 2:09 PM | 18 |
| 2:09 PM | 19 |
| 2:09 PM | 20 |
| 2:09 PM | 21 |
| 2:09 PM | 22 |
| 2:09 PM | 23 |
| 2:10 PM | 24 |
| 2:10 PM | 25 |

e-diary system for purposes of recording fabricated data on behalf of purportedly legitimate study subjects.

The Government would prove these and other facts at trial beyond a reasonable doubt.

THE COURT:  All right.  You heard what the Government said.  Do you believe -- well, let me ask you individually.

Ms. Varona, do you believe that if this case were to go to trial, the Government could prove what they said about you?

DEFENDANT VARONA:  Yes, Your Honor.

THE COURT:  Mr. Navarro, if this case were to go to trial, do you believe they could prove what they said about you?

DEFENDANT NAVARRO:  Yes, Your Honor.

THE COURT:  All right.  I have here, Ms. Varona, a four-page document with signatures on the fifth page that is pretty much word-for-word about what they said about you.  On the last page there appears the signatures of Mr. Suri, your attorney, and what appears to be your signature.  Is that your signature on it?

DEFENDANT VARONA:  Yes, Your Honor.

THE COURT:  Before you signed it, how did you understand the contents of it?  Did somebody explain it to you or do you read English?

DEFENDANT VARONA:  I didn't understand the question.

THE COURT:  Before you signed this document attesting to its truth, how did you understand what it contained?  Did

| | |
|---|---|
| 2:10 PM | 1 |

somebody explain it to you?  Or do you read English, that you

could read it yourself?

          DEFENDANT VARONA:  Yes, Your Honor.  My attorney and I

read it.

          THE COURT:  Okay.  And do you believe that you fully

understood it at the time that you signed it?

          DEFENDANT VARONA:  Yes, Your Honor.

          THE COURT:  And by signing it, were you admitting that

its contents were true?

          DEFENDANT VARONA:  Yes, Your Honor.

          THE COURT:  Mr. Suri, at the time that your client

executed this document, do you believe that she fully understood

its contents?

          MR. SURI:  Absolutely, Your Honor.

          THE COURT:  Did you explain it to her in Spanish?

          MR. SURI:  I did.  In fact, I speak Spanish fluently.

Though she understands enough of English, we did it in Spanish

and she understood everything in that factual proffer.

          THE COURT:  All right.  You're convinced that when she

signed it, that she understood it and she therefore signed it

freely and voluntarily and knowledgeably?

          MR. SURI:  Absolutely, Your Honor.

          THE COURT:  Okay.  Mr. Navarro, I have here also a

document that is about the same length.  It has in it the

matters that they discussed concerning you.  On the last page

2:11 PM  1    there appear to be two signatures, that of -- your signature and

2:11 PM  2    that of your attorney.  Before you signed this, did you -- how

2:11 PM  3    did you come about knowing the contents of it?  Did somebody

2:11 PM  4    explain it to you or did your lawyer explain it to you or do you

2:11 PM  5    read English?

2:12 PM  6            DEFENDANT NAVARRO:  Yes, Your Honor.  My attorney

2:12 PM  7    explained it to me.

2:12 PM  8            THE COURT:  Okay.  And do you believe that you fully

2:12 PM  9    understood it at the time that you executed it?

2:12 PM  10           DEFENDANT NAVARRO:  Yes, Your Honor.

2:12 PM  11           THE COURT:  By signing it, were you agreeing that its

2:12 PM  12   contents were true?

2:12 PM  13           DEFENDANT NAVARRO:  Yes, Your Honor.

2:12 PM  14           THE COURT:  Mr. Fernandez, did you discuss this with

2:12 PM  15   your client before he executed this document?

2:12 PM  16           MR. FERNANDEZ:  Yes, I did, Your Honor.

2:12 PM  17           THE COURT:  Do you believe that he fully understood its

2:12 PM  18   contents?

2:12 PM  19           MR. FERNANDEZ:  I believe so, Your Honor.

2:12 PM  20           THE COURT:  Do you believe that he understood that by

2:12 PM  21   signing it he was agreeing and acknowledging the truth of the

2:12 PM  22   contents?

2:12 PM  23           MR. FERNANDEZ:  I believe he did, and I believe he knew

2:12 PM  24   what he was signing.

2:12 PM  25           THE COURT:  And by signing this, do you think he signed

2:13 PM  1    it freely, voluntarily and knowingly?

2:13 PM  2            MR. FERNANDEZ:  Yes sir, I do.

2:13 PM  3            THE COURT:  All right.  I will attach both of these

2:13 PM  4    documents to each file or each document to each file.

2:13 PM  5            Would the Government summarize the essential terms of

2:13 PM  6    the plea agreement?  Or agreements?

2:13 PM  7            MS. ELFNER:  Yes, Your Honor.  Just for clarity, I'll

2:13 PM  8    go one by one for this part of it.

2:13 PM  9            So as to Ms. Varona, the Defendant will be pleading

2:13 PM  10   guilty to Count 1 of the information pending before her.  As set

2:13 PM  11   out more fully in Paragraph 10 of the plea agreement, the

2:13 PM  12   Government and the Defendant agree to jointly recommend that the

2:13 PM  13   Court find at sentencing that the applicable offense level is a

2:13 PM  14   level 22 prior to consideration of acceptance of responsibility.

2:13 PM  15   Defendant understands that this is a recommendation and is not

2:13 PM  16   binding on the Court.

2:13 PM  17           The Government agrees to recommend a two-level

2:13 PM  18   reduction for acceptance of responsibility at sentencing, or

2:13 PM  19   three levels if the Court finds the offense level to be 16 or

2:14 PM  20   greater subject to certain exceptions set forth in Paragraph 9.

2:14 PM  21           The Defendant agrees to the entry of a forfeiture money

2:14 PM  22   judgment against her in the amount of $30,000.

2:14 PM  23           The Defendant agrees to cooperate fully with the

2:14 PM  24   Government including by providing truthful and complete

2:14 PM  25   information and testimony.  If the Government determines that

2:14 PM  1  the Defendant's cooperation is of such quality and significance

2:14 PM  2  to the investigation or prosecution of others to warrant a

2:14 PM  3  downward departure, the Government has the discretion, but not

2:14 PM  4  the obligation, to file a motion for a downward departure under

2:14 PM  5  section 5K1.1 or Rule 35 of the Federal Rules of Criminal

2:14 PM  6  Procedure.

2:14 PM  7       And the Defendant agrees to waive her right to appeal

2:14 PM  8  the sentence imposed in this case, including any restitution

2:14 PM  9  order, unless the sentence exceeds the statutory maximum or is

2:14 PM 10  an upward departure from the guidelines range established by the

2:14 PM 11  Court.

2:14 PM 12       The Defendant also recognizes that the sentence has not

2:14 PM 13  yet been determined, and she cannot withdraw her guilty plea

2:14 PM 14  based on a sentence or recommendation made by either party.

2:15 PM 15       The plea agreement is 11-pages long and contains these

2:15 PM 16  and other provisions.

2:15 PM 17       THE COURT:  All right.  Let me interrupt you at this

2:15 PM 18  point.  I'll ask Ms. Varona, is that your general understanding

2:15 PM 19  of the plea agreement in your case, Ms. Varona?

2:15 PM 20       DEFENDANT VARONA:  Yes, Your Honor.

2:15 PM 21       THE COURT:  Okay.  I have here a document that is, let

2:15 PM 22  me see, it's nine pages long and on the 10th page it has the

2:15 PM 23  Government's signature and the 11th page has what appears to be

2:15 PM 24  your signature and that of Mr. Suri.  Before you signed this

2:15 PM 25  document, did you obtain the knowledge of its contents in the

| | | |
|---|---|---|
| 2:15 PM | 1 | same fashion as the stipulated facts that we talked about |
| 2:16 PM | 2 | earlier; that is that your attorney assisted you but you |
| 2:16 PM | 3 | partially read English and you read it and discussed it with |
| 2:16 PM | 4 | him? |
| 2:16 PM | 5 | DEFENDANT VARONA:  Yes, Your Honor. |
| 2:16 PM | 6 | THE COURT:  Do you believe that you fully understood it |
| 2:16 PM | 7 | at the time that you executed it? |
| 2:16 PM | 8 | DEFENDANT VARONA:  Yes, sir. |
| 2:16 PM | 9 | THE COURT:  All right.  Now let me hear about |
| 2:16 PM | 10 | Mr. Navarro's plea agreement.  I'll get back to you in a moment |
| 2:16 PM | 11 | Ms. Varona. |
| 2:16 PM | 12 | MS. ELFNER:  Yes, Your Honor. |
| 2:16 PM | 13 | For Mr. Navarro, the Defendant will be pleading guilty |
| 2:16 PM | 14 | to Count 1 of the information.  As set forth more fully in |
| 2:16 PM | 15 | Paragraph 10 of the plea agreement, the Government and the |
| 2:16 PM | 16 | Defendant agree to jointly recommend that the Court find that |
| 2:16 PM | 17 | the applicable offense level is a level 26 prior to |
| 2:16 PM | 18 | consideration of the acceptance of responsibility.  Again, the |
| 2:16 PM | 19 | Defendant understands that this is a recommendation and is not |
| 2:16 PM | 20 | binding on the Court. |
| 2:16 PM | 21 | The Government agrees to recommend a two-level |
| 2:16 PM | 22 | reduction for acceptance of responsibility, or a three-level |
| 2:16 PM | 23 | reduction if the Court finds the offense level to be 16 or |
| 2:17 PM | 24 | greater subject to certain exceptions set forth in Paragraph 9. |
| 2:17 PM | 25 | The Defendant agrees to the entry of a forfeiture money |

2:17 PM  1    judgment against him in the amount of $60,000.

2:17 PM  2         He also agrees to cooperate fully with the Government,

2:17 PM  3    including by providing truthful and complete information and

2:17 PM  4    testimony.

2:17 PM  5         If the Government determines that his cooperation is of

2:17 PM  6    such quality and significance to the investigation or

2:17 PM  7    prosecution of others to warrant a downward departure, the

2:17 PM  8    Government has the discretion, but not the obligation, to file a

2:17 PM  9    motion for a downward departure under Section 5K1.1 of the

2:17 PM  10   Sentencing Guidelines, or Rule 35 of the Federal Rules of

2:17 PM  11   Criminal Procedure.

2:17 PM  12        The Defendant also agrees to waive his right to appeal

2:17 PM  13   the sentence imposed, including any restitution order, unless

2:17 PM  14   the sentence exceeds the statutory maximum, or is an upward

2:17 PM  15   departure from the guidelines range established by the Court at

2:17 PM  16   sentencing.

2:17 PM  17        The Defendant also recognizes that the sentence has not

2:17 PM  18   yet been determined and he cannot withdraw his guilty plea based

2:17 PM  19   on the Court's decision not to accept the sentencing

2:18 PM  20   recommendation made by either party.

2:18 PM  21        Again, it's an 11-page plea agreement that contains

2:18 PM  22   these and other provisions.

2:18 PM  23        THE COURT:  All right.  Mr. Navarro, is that your

2:18 PM  24   general understanding of the plea agreement?

2:18 PM  25        DEFENDANT NAVARRO:  Yes, Your Honor.

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED BY COMPUTER

2:18 PM   1          THE COURT:  Before you signed it -- on the last page,

2:18 PM   2   it appears that two signatures are that of your attorney

2:18 PM   3   Mr. Fernandez, and what appears to be your signature.  Before

2:18 PM   4   you signed it, did you understand the contents in the same

2:18 PM   5   manner as we discussed earlier; that is that Mr. Fernandez

2:18 PM   6   assisted you in translating it, and that you read it to the best

2:18 PM   7   of your ability and then you discussed it with him?

2:18 PM   8          DEFENDANT NAVARRO:  Yes, Your Honor.

2:18 PM   9          THE COURT:  Mr. Fernandez, do you believe that your

2:18 PM  10   client fully understood the contents of this document?

2:19 PM  11          MR. FERNANDEZ:  Yes, Your Honor.

2:19 PM  12          THE COURT:  All right.  Now, I want to ask both of you,

2:19 PM  13   first Ms. Varona, do you understand that you are -- that you

2:19 PM  14   have -- well actually, I'll ask both of you at the same time.

2:19 PM  15          Do you understand that you have an absolute right to

2:19 PM  16   appeal your -- the case.  However, you are giving that up.  It

2:19 PM  17   is a very important right under the American Constitution that

2:19 PM  18   you can appeal the sentence or appeal the trial or appeal the

2:19 PM  19   finding of guilty, but you're giving that up.  Do you understand

2:19 PM  20   that you're doing that?  First, Ms. Varona?

2:19 PM  21          DEFENDANT VARONA:  Yes, Your Honor.

2:19 PM  22          THE COURT:  Mr. Navarro, do you understand that you're

2:19 PM  23   giving up your right to appeal?

2:19 PM  24          DEFENDANT NAVARRO:  Yes, Your Honor.

2:19 PM  25          THE COURT:  Except in very unusual circumstances.  If I

| | | |
|---|---|---|
| 2:19 PM | 1 | were to go over -- give you an illegal sentence or go over the |
| 2:20 PM | 2 | guidelines.  Do you understand that Ms. Varona? |
| 2:20 PM | 3 | DEFENDANT VARONA:  Yes, Your Honor. |
| 2:20 PM | 4 | THE COURT:  Mr. Navarro? |
| 2:20 PM | 5 | DEFENDANT NAVARRO:  Yes, Your Honor. |
| 2:20 PM | 6 | THE COURT:  All right.  I'll have both of these marked |
| 2:20 PM | 7 | as an exhibit and attached to each file. |
| 2:20 PM | 8 | Do each of you understand that any recommendations that |
| 2:20 PM | 9 | are made to me are just that, recommendations, and I do not have |
| 2:20 PM | 10 | to accept them. |
| 2:20 PM | 11 | DEFENDANT VARONA:  Yes, Your Honor. |
| 2:20 PM | 12 | DEFENDANT NAVARRO:  Yes, Your Honor. |
| 2:20 PM | 13 | THE COURT:  Other than what's contained in these 11 |
| 2:20 PM | 14 | pages, is there any other or different promises or assurances |
| 2:20 PM | 15 | made to you of any kind in an effort to induce you to enter a |
| 2:20 PM | 16 | plea of guilty? |
| 2:21 PM | 17 | DEFENDANT VARONA:  I'm sorry.  I did not understand the |
| 2:21 PM | 18 | last part. |
| 2:21 PM | 19 | THE COURT:  Okay.  Other than what's contained in these |
| 2:21 PM | 20 | 11 pages which is an agreement between you and the Government, |
| 2:21 PM | 21 | is there any other promises or assurances that have been made to |
| 2:21 PM | 22 | you of any kind in an effort to induce you to enter a plea of |
| 2:21 PM | 23 | guilty? |
| 2:21 PM | 24 | MR. SURI:  Your Honor, I'm sorry to interrupt you. |
| 2:21 PM | 25 | This is Mr. Suri.  My client's in another room.  The phone just |

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED BY COMPUTER

| | | |
|---|---|---|
| 2:21 PM | 1 | -- the connection just went out.  That's why she couldn't hear |
| 2:21 PM | 2 | it. |
| 2:21 PM | 3 | THE COURT:  Okay. |
| 2:21 PM | 4 | MR. SURI:  I can bring her into this room, but the |
| 2:21 PM | 5 | phone is not working.  She can call my phone, the interpreter, I |
| 2:21 PM | 6 | can give it to her, whatever. |
| 2:21 PM | 7 | THE COURT:  Madame interpreter, do you have a |
| 2:21 PM | 8 | suggestion? |
| 2:21 PM | 9 | SPANISH INTERPRETER:  Your Honor, I think that at this |
| 2:21 PM | 10 | point it would be best if she could use -- if she could just |
| 2:21 PM | 11 | come into the Zoom and listen with Mr. Suri. |
| 2:22 PM | 12 | THE COURT:  Ms. Varona, can you go into the same room |
| 2:22 PM | 13 | as Mr. Suri?  If you need to mask up or if you need to separate, |
| 2:22 PM | 14 | that's fine, but I need you to be able to hear it. |
| 2:22 PM | 15 | MR. SURI:  Your Honor, she just informed me that she |
| 2:22 PM | 16 | can hear you because she has her own laptop.  She can hear you |
| 2:22 PM | 17 | through her laptop.  So if you want to proceed that way, she can |
| 2:22 PM | 18 | stay where she is. |
| 2:22 PM | 19 | THE COURT:  Okay.  The question is other than what's |
| 2:22 PM | 20 | contained in these 11 pages, has there been any other or |
| 2:22 PM | 21 | different promises or assurances made to you of any kind in an |
| 2:22 PM | 22 | effort to encourage you to enter a plea of guilty?  I saw her |
| 2:23 PM | 23 | shaking her head, but ask her to repeat. |
| 2:23 PM | 24 | DEFENDANT VARONA:  Can you hear me now? |
| 2:23 PM | 25 | THE COURT:  I can hear you perfectly. |

```
2:23 PM   1              DEFENDANT VARONA:  No, Your Honor.
2:23 PM   2              THE COURT:  Mr. Navarro, have there been any other or
2:23 PM   3    different promises or assurances of any kind in an effort to
2:23 PM   4    induce you to enter a plea of guilty?
2:23 PM   5              DEFENDANT NAVARRO:  No, Your Honor.
2:23 PM   6              THE COURT:  This document is the entire agreement
2:23 PM   7    between you and the Government; is that correct, Ms. Varona?
2:23 PM   8              DEFENDANT VARONA:  Yes, Your Honor.
2:24 PM   9              THE COURT:  All right.  Is that correct, Mr. Navarro?
2:24 PM  10              DEFENDANT NAVARRO:  Yes, Your Honor.
2:24 PM  11              THE COURT:  Okay.  Has anyone attempted in any way to
2:24 PM  12    force you to plead guilty, threatened or coerced you?
2:24 PM  13              DEFENDANT VARONA:  No, Your Honor.
2:24 PM  14              THE COURT:  Mr. Navarro.
2:24 PM  15              DEFENDANT NAVARRO:  No, Your Honor.
2:24 PM  16              THE COURT:  Do you understand that if I don't accept
2:24 PM  17    any sentence recommendation, whether it be in your plea
2:24 PM  18    agreement or in open court, whether it be by your lawyer or the
2:24 PM  19    Government's lawyer, you will still be bound by your plea and
2:24 PM  20    have no right to withdraw it.  Do you understand that?
2:25 PM  21              DEFENDANT VARONA:  I understand, Your Honor.
2:25 PM  22              DEFENDANT NAVARRO:  I understand likewise.
2:25 PM  23              THE COURT:  Do you understand that if the sentence is
2:25 PM  24    more severe than you expected it to be, you will still be bound
2:25 PM  25    by your plea and have no right to withdraw it?
```

| | | |
|---|---|---|
| 2:25 PM | 1 | DEFENDANT VARONA:  Yes, Your Honor. |
| 2:25 PM | 2 | DEFENDANT NAVARRO:  Yes, Your Honor. |
| 2:25 PM | 3 | THE COURT:  How do you now plead to the single count |
| 2:25 PM | 4 | information pending against you?  We'll do this individually. |
| 2:26 PM | 5 | Ms. Varona, how do you now plead to the single count |
| 2:26 PM | 6 | information against you?  Guilty or not guilty? |
| 2:26 PM | 7 | DEFENDANT VARONA:  Guilty. |
| 2:26 PM | 8 | THE COURT:  It is the finding of this Court in the case |
| 2:26 PM | 9 | of the United States -- |
| 2:26 PM | 10 | SPANISH INTERPRETER:  Your Honor, from the Interpreter, |
| 2:26 PM | 11 | I'm so sorry.  Mr. Navarro has not replied. |
| 2:26 PM | 12 | THE COURT:  I didn't ask him.  This is individual. |
| 2:26 PM | 13 | SPANISH INTERPRETER:  I'm so sorry.  Yes.  Sorry, Your |
| 2:26 PM | 14 | Honor. |
| 2:26 PM | 15 | THE COURT:  It is the finding of this Court in the case |
| 2:26 PM | 16 | of the United States versus Nayade Varona that the Defendant is |
| 2:26 PM | 17 | fully and capable of entering an informed plea; that her plea of |
| 2:26 PM | 18 | guilty is a knowing and voluntary plea supported by an |
| 2:26 PM | 19 | independent basis in fact containing each of the essential |
| 2:26 PM | 20 | elements of the offense.  Her plea is therefore accepted, she is |
| 2:27 PM | 21 | now adjudged guilty of the information pending against her. |
| 2:27 PM | 22 | A written presentence report will be prepared by the |
| 2:27 PM | 23 | Probation Office to assist -- |
| 2:27 PM | 24 | SPANISH INTERPRETER:  Your Honor? |
| 2:27 PM | 25 | THE COURT:  Yes. |

2:27 PM  1          SPANISH INTERPRETER:  One moment.  Could Your Honor

2:27 PM  2   repeat?  I'm so sorry.  I have a lot of technology on this side.

2:27 PM  3          THE COURT:  Not a problem.  It is the finding of this

2:27 PM  4   Court in the case of the United States versus Nayade Varona that

2:27 PM  5   the Defendant is fully competent and capable of entering an

2:27 PM  6   informed plea.

2:27 PM  7          Go ahead and translate that.

2:27 PM  8          (Translated)

2:27 PM  9          SPANISH INTERPRETER:  Go ahead, Your Honor.

2:27 PM 10          THE COURT:  And that her plea of guilty is a knowing

2:27 PM 11   and voluntary plea supported by an independent basis in fact

2:27 PM 12   containing each of the essential elements of the offense.  Her

2:28 PM 13   plea is therefore accepted, and she is now adjudged guilty of

2:28 PM 14   the single count information pending against her.

2:28 PM 15          (Translated)

2:28 PM 16          Now we'll turn to Mr. Navarro.  How do you now plead to

2:28 PM 17   the single count information pending against you, Mr. Navarro?

2:28 PM 18   Guilty or not guilty?

2:28 PM 19          DEFENDANT NAVARRO:  Guilty.

2:28 PM 20          THE COURT:  It is the finding of this Court in the case

2:29 PM 21   of the United States versus Eduardo Navarro that the Defendant

2:29 PM 22   is fully competent and capable of entering an informed plea;

2:29 PM 23   that his plea of guilty is a knowing and voluntary plea

2:29 PM 24   supported by an independent basis in fact containing each of the

2:29 PM 25   essential elements much of the offense.  His plea is therefore

2:29 PM   1    accepted, he is now adjudged guilty of the single count

2:29 PM   2    information pending against him.

2:29 PM   3          A written presentence report will be prepared by the

2:29 PM   4    Probation Office to assist me in sentencing each of you.

2:29 PM   5          Do you want to translate that?

2:29 PM   6          (Translated)

2:29 PM   7          THE COURT:  You will be asked to give information for

2:29 PM   8    the report and your attorney may be present if you so desire.  I

2:30 PM   9    will permit you and your counsel to read the presentence report

2:30 PM   10   before the sentencing hearing, and you will be given an

2:30 PM   11   opportunity to speak at that sentencing hearing --

2:30 PM   12          (Translated)

2:30 PM   13          THE COURT:  Which I'm hereby scheduling for Wednesday,

2:30 PM   14   August 11, 2021.

2:30 PM   15          (Translated)

2:30 PM   16          THE COURT:  In the case of Ms. Varona at 2 p.m.; in the

2:30 PM   17   case of Mr. Navarro, at 1:30 p.m.

2:31 PM   18          (Translated)

2:31 PM   19          THE COURT:  Counsel is advised to comply with

2:31 PM   20   administrative orders regarding implementation of sentencing

2:31 PM   21   procedures, particularly time periods within those orders.

2:31 PM   22          MR. SURI:  Yes, Your Honor.  Thank you.

2:31 PM   23          THE COURT:  I'll refer you to the Probation Office for

2:31 PM   24   a presentence investigation and report.

2:31 PM   25          (Translated)

| | | |
|---|---|---|
| 2:31 PM | 1 | THE COURT:  Is there any objection to them remaining on |
| 2:31 PM | 2 | the bond that they are presently on, Ms. Elfner? |
| 2:31 PM | 3 | MS. ELFNER:  No, Your Honor. |
| 2:31 PM | 4 | (Translated) |
| 2:31 PM | 5 | THE COURT:  I want to make sure that you understand |
| 2:32 PM | 6 | that you have to appear whenever you're told to appear. |
| 2:32 PM | 7 | (Translated) |
| 2:32 PM | 8 | THE COURT:  You now know that you have to be here on |
| 2:32 PM | 9 | Wednesday August 11, 2021. |
| 2:32 PM | 10 | (Translated) |
| 2:32 PM | 11 | THE COURT:  At 1:30 for Mr. Navarro and 2 p.m. for Ms. |
| 2:32 PM | 12 | Varona. |
| 2:32 PM | 13 | (Translated) |
| 2:32 PM | 14 | THE COURT:  If you remain out on bond, I want to make |
| 2:32 PM | 15 | sure you understand that failure to appear is a criminal offense |
| 2:32 PM | 16 | -- |
| 2:32 PM | 17 | (Translated) |
| 2:32 PM | 18 | THE COURT:  -- for which you could be sentenced to |
| 2:32 PM | 19 | imprisonment. |
| 2:33 PM | 20 | (Translated) |
| 2:33 PM | 21 | THE COURT:  All conditions upon which you were released |
| 2:33 PM | 22 | up to now continue to apply, and the penalties for violating |
| 2:33 PM | 23 | those conditions can be severe. |
| 2:33 PM | 24 | (Translated) |
| 2:33 PM | 25 | THE COURT:  Counsel, if you have any specific requests |

2:33 PM  1    for treatment modalities or place of incarceration, please raise

2:33 PM  2    it during the presentence investigation.  If it is brought up

2:33 PM  3    for the first time at the time of sentencing, I will not

2:33 PM  4    consider it.  I do not want to get into a lifelong set of

2:33 PM  5    correspondence with the Bureau of Prisons.

2:33 PM  6           We'll be in recess on these matters.

2:33 PM  7           MS. ELFNER:  Your Honor?

2:33 PM  8           MR. SURI:  Your Honor, this is Arnie Suri.  I do have a

2:33 PM  9    question if the Court could address it.  Is the sentencing in

2:34 PM  10   Zoom or in person?

2:34 PM  11          THE COURT:  I don't know.  By then, I think we'll

2:34 PM  12   probably be doing it in person, but I'm not sure.

2:34 PM  13          MR. SURI:  Your Honor, the other thing is this is the

2:34 PM  14   first plea I've had in a year and a half.  Usually I'm there and

2:34 PM  15   I just take her right to probation.  What is the procedure now

2:34 PM  16   for her?  She lives in Port St. Lucie.

2:34 PM  17          THE COURT:  Call and make an appointment with the

2:34 PM  18   Probation Office and see when they'll see her, and then arrange

2:34 PM  19   to have her here.

2:34 PM  20          MR. FERNANDEZ:  Your Honor, I also would ask if the

2:34 PM  21   Court can tell us the days that we have to go to the Probation

2:34 PM  22   Office.

2:34 PM  23          THE COURT:  Just call them and they'll tell you.  You

2:34 PM  24   may be able to do it in Fort Pierce, Mr. Suri.  I don't know.

2:34 PM  25   They have a probation there.  Just call them and check with

| | | |
|---|---|---|
| 2:34 PM | 1 | them.  All right?  We'll be in recess. |
| 2:34 PM | 2 | MR. SURI:  Thank you so much, Your Honor.  Thank you |
| 2:34 PM | 3 | very much. |
| 2:34 PM | 4 | MS. ELFNER:  And Your Honor, just for the record, I |
| 2:35 PM | 5 | know that the Defendants each sent in a signed waiver of |
| 2:35 PM | 6 | appearance, but if the Court could make a finding on the record |
| 2:35 PM | 7 | under the CARES Act that they consent to video. |
| 2:35 PM | 8 | THE COURT:  Yeah, that's correct.  Thank you. |
| 2:35 PM | 9 | (Translated) |
| 2:35 PM | 10 | THE COURT:  I want to make sure that both of you |
| 2:35 PM | 11 | understand that you have a right to be here in person for this |
| 2:35 PM | 12 | proceeding -- |
| 2:35 PM | 13 | (Translated) |
| 2:35 PM | 14 | THE COURT: But that I note in the record that there has |
| 2:35 PM | 15 | been a waiver of personal appearance -- |
| 2:35 PM | 16 | (Translated) |
| 2:35 PM | 17 | THE COURT:  -- executed by each of you. |
| 2:35 PM | 18 | (Translated) |
| 2:35 PM | 19 | THE COURT:  Mr. Fernandez first on behalf of |
| 2:35 PM | 20 | Mr. Navarro; is that correct?  Did you discuss with him the fact |
| 2:35 PM | 21 | that he had an absolute right to be present during these |
| 2:35 PM | 22 | proceedings? |
| 2:35 PM | 23 | MR. FERNANDEZ:  Yes, Your Honor.  It is correct and we |
| 2:36 PM | 24 | did discuss it and he did sign it. |
| 2:36 PM | 25 | THE COURT:  Okay.  And Mr. Suri, did you discuss it |

```
2:36 PM    1    with your client also?

2:36 PM    2            MR. SURI:  I did Judge, and she voluntarily waived her

2:36 PM    3    presence and -- Zoom.

2:36 PM    4            (Translated)

2:36 PM    5            THE COURT:  All right.  I will make it part of the

2:36 PM    6    record.  I'll put these waivers in the record also.

2:36 PM    7            (Translated)

2:36 PM    8            THE COURT:  We'll be in recess.  Thank you.

2:36 PM    9            Thank you, Dawn.

2:36 PM   10            MR. SURI:  Thank you, Your Honor.

2:36 PM   11            (PROCEEDINGS CONCLUDED)

2:36 PM   12                        C E R T I F I C A T E
                I certify that the foregoing is a correct transcript from the
2:36 PM   13    record of proceedings in the above-entitled matter.

2:36 PM   14    8/3/2021                 /s/ Dawn M. Savino, R.P.R., C.R.R.
                Date                         DAWN M. SAVINO, R.P.R., C.R.R.
2:36 PM   15

2:36 PM   16

          17

          18

          19

          20

          21

          22

          23

          24

          25
```